UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN CAULFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| HUMAN RESOURCES DIVISION OF THE | ) | |
| COMMONWEALTH OF MASSACHUSETTS, | ) | |
| PAUL DIETL, in his official capacity as | ) | |
| Personnel Director of Human Resources Division, | ) | |
| CITY OF BOSTON, and WILLIAM EVANS, | ) | |
| individually and in his official capacity as | ) | |
| Boston Police Commissioner, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT, INJUNCTIVE RELIEF AND JURY DEMAND**

I. <u>INTRODUCTION</u>.

1. This action concerns the unlawful discriminatory treatment of Plaintiff John Caulfield based on his gender by the Defendants Boston Police Department ("BPD") and the Human Resources Division of the Commonwealth of Massachusetts ("HRD"). In March 2013, BPD requested a selective certification of female candidates for appointment to the police academy. HRD approved and issued the certification. In doing so, Defendants expressly afforded one gender a preference in hiring over another and violated federal and state antidiscrimination statutes as well as the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Accordingly, Caulfield requests that this Court enjoin the Defendants from any further discriminatory hiring practices based on gender, order injunctive relief in the form of his placement at the top of the next certification for appointment, and award compensatory damages, punitive damages, attorneys' fees, and all other relief as justice and equity require.

II. PARTIES

2. Plaintiff John Caulfield is an adult male resident of Boston, Massachusetts.

3. Defendant Human Resources Division of the Commonwealth of Massachusetts is the state agency charged by statute with oversight and management of the civil service system. It is the "personnel administrator" of the civil service system under M.G.L. c. 31, § 1, *et seq*.

4. Defendant Paul Dietl is the Personnel Director of the Human Resources Division.

5. Defendant City of Boston is a duly incorporated municipality within the Commonwealth of Massachusetts and operates the Boston Police Department ("BPD").

6. Defendant William Davis is the Commissioner of the Boston Police Department and the "appointing authority" for the Boston Police Department under M.G.L. c. 31.

III. FACTS

7. HRD administers and scores civil service examinations for police officers, creates eligible lists of candidates based on their scores, and issues certifications to civil service cities and towns from which they appoint police officers.

8. The statutory requirements in Chapter 31 are implemented and augmented through the Personnel Administrative Rules ("PAR"), which HRD established as standards for civil service employment.

9. Under Chapter 31 and the PARs, when an appointing authority (here, the Commissioner of the Boston Police Department ("BPD")) wants to appoint candidates to fill an open police officer position, it sends a requisition to HRD specifying the number of candidates to be hired. The Personnel Administrator of HRD then sends a certification to the appointing authority with the names of candidates in the order that they rank from the most recent civil service examination on the active eligibility list.

10. Under PAR.09, an appointing authority is limited in the range of candidates it may choose between for any given vacancy. An appointing authority may only choose from the top 2n+1 names on the certification, with n equaling the number of vacancies. As a result of the 2n+1 rule, every certification issued by HRD contains *at least* 2n+1 candidates for the number of appointments requested.[1]

11. In April 2011, Caulfield took and passed a civil service examination administered by HRD for appointment to position of police officer. His score of 98 placed him on an eligibility list for appointment to BPD established in October 2012 that lasted for two years.

12. PAR.08(6) provides that an appointing authority may request a certification of officers from the current eligibility list with special qualifications (a "selective certification"). If such a certification is approved, HRD will place candidates with the special qualification on a selective certification in rank order by their exam score.

13. In February and March 2013, BPD submitted a request to HRD for a certification for police officer (the "main certification") along with a separate request for a selective certification of female candidates for police officer.[2]

14. On May 10, 2013, HRD issued the certifications. The selective gender certification authorized the hiring of ten female candidates and the main certification authorized the hiring of 45 male or female candidates for entrance in the December 2013 academy class.

15. In December 2013, BPD sent the female candidates appointed from the selective gender certification and the candidates appointed from the main certification to the academy.

---

[1] Because of ties, more candidates than 2n+1 often appear on the certification. For example, five appointments may result in 15 names on a certification if the eleventh ranked candidate is tied with four others.

[2] Although irrelevant to this present matter, BPD also requested selective certifications for Spanish-speaking and Cape Verdean-speaking candidates. These requests were denied by HRD.

16. Caulfield appeared on the main certification in the 55th group of tied scores. He was part of the final group of candidates on the main certification considered for appointment, although he was not individually considered. Had BPD needed to appoint more candidates, by law it would have been required to consider all of the candidates tied with Caulfield for appointment before considering lower-ranked candidates.

17. At least one, if not several, female candidates on the selective gender certification received lower scores on the civil service examination than Caulfield. Had BPD not requested, and HRD not issued, a selective gender certification, BPD would have appointed more candidates from Caulfield's group of tied candidates and would have more likely than not appointed Caulfield and sent him to the academy.

## IV. ADMINISTRATIVE EXHAUSTION

18. Pursuant to M.G.L. c. 151B, § 9, Caulfield filed his complaint of discrimination originally with the Massachusetts Commission Against Discrimination on or about September 18, 2014, over ninety days prior to the filing of this action.

## COUNT I

(M.G.L. c. 151B)

The actions of the Defendants as set forth above, including, *inter alia*, affording preference to female candidates for entry-level police officer positions over male candidates without a bona fide occupational qualification, constitute a violation of M.G.L. c. 151B, § 4, causing damages to Plaintiff. This claim is brought under M.G.L. c. 151B, § 9.

## COUNT II

(TITLE VII)

The actions of the Defendants as set forth above, including, *inter alia*, affording preference to female candidates for entry-level police officer positions over male candidates without a bona fide occupational qualification, constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, causing damages to Plaintiff.

## COUNT III

(EQUAL PROTECTION)

The actions of the Defendants as set forth above, including, *inter alia*, affording preference to female candidates for entry-level police officer positions over male candidates without without a compelling government interest, constitute a violation of the Plaintiff's right to Equal Protection under the Fourteenth Amendment to the United States Constitution, causing damages. This claim is brought under 28 U.S.C. § 1983.

COUNT IV

(Injunctive Relief)

This Court should order the Defendants to cease its discriminatory employment selection practices, including its practice of affording preference to female candidates based solely on gender under the guise of special qualifications, and cause Plaintiff to be placed at the top of the next certification for entry-level police officer appointments by the Boston Police Department.

WHEREFORE, Plaintiff prays this Court:

1. ORDER the Defendants to place the Plaintiff at the top of the next certification for police officer in the Boston Police Department;

2. ORDER the Defendants to pay the Plaintiff compensatory damages for lost wages, front pay, punitive damages, and emotional distress;

3. ORDER the Defendants to pay the Plaintiff's attorneys' fees and costs; and

4. Any further relief as is just and necessary.

        PLAINTIFF JOHN CAUFIELD,
        By his attorneys,

        /s/ Joseph Sulman
        Joseph L. Sulman, BBO #663635
        David I. Brody, BBO #676984
        Law Office of Joseph L. Sulman
        1001 Watertown Street, Third Floor
        West Newton, Massachusetts 02465
        (617) 521-8600

        Harold L. Lichten
        Lichten & Liss-Riordan, P.C.
        729 Boylston Street, Suite 2000
        Boston, Massachusetts 02116
        617-994-5800

January 15, 2015